**Zulay RENDON, individually and as parent and natural guardian of Garcia, a minor, Appellant**

v.

**PHILADELPHIA HEALTH SERVICES; Episcopal Hopsital; Dr. Harshad; K. Patel; Lehigh Avenue Radiology Associates, Inc.; United States of America**

No. 01–1668.

United States Court of Appeals, Third Circuit.

Argued May 23, 2002.

Filed June 24, 2002.

Joan E. London, Kozloff Stoudt, Wyomissing, PA, John E. Muir (Argued), Roland & Schlegel, Reading, PA, for Appellant.

Michael L. Levy, United States Attorney, James G. Sheehan, Asst. United States Attorney, Chief, Civil Division, Annetta F. Givhan (Argued), Asst. United States Attorney, Philadelphia, PA, for Appellee United States of America.

Nancy K. Raynor, O'Brien & Ryan, Plymouth Meeting, PA, for Appellee Episcopal Hospital.

Kent & McBride, Philadelphia, PA, for Appellees K. Patel and Lehigh Avenue Radiology Associates, Inc.

Before MCKEE, STAPLETON and WALLACE,* Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge.

When the District Court granted summary judgment to the defendants in this medical malpractice case brought under the Federal Tort Claims Act, it did not have the benefit of our deicison in *Hughes v. United States*, 263 F.3d 272 (3d Cir. 2001). That FTCA case, like this one, involved a malpractice claim based on allegations that the defendants caused the plaintiff's injuries by negligently failing to diagnose and/or treat a condition that needed medical attention.

We held for the first time in *Hughes* that "the FTCA's statute of limitations is not jurisdictional" and that "[f]ailure to comply with the statute is an affirmative defense which the defendant has the burden of establishing." *Id.* at 278. The District Court in this case understandably treated the limitations issue as a jurisdictional one with the burden of proof on the

plaintiff, and this approach may well have influenced its ultimate conclusions. Moreover, *Hughes* also provides new guidance on the application of the Supreme Court's decision in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) to a situation in which the alleged malpractice is a failure to diagnose and/or treat. *Id.* at 278.

We will vacate the judgment of the District Court and remand to provide an opportunity for the District Court to consider the issues here raised in light of the development of the relevant law in *Hughes*, 263 F.3d 272 (3d Cir.2001).